**UNITED STATES of America**

v.

**William C. NORRIS (1)
and Jim Gee (2).**

**No. 3:93–CR–13.**

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 12, 1998.

---

Charles A. Asher, Hal R. Culbertson, South Bend, IN, for William C. Norris (1), defendant.

Matthew C. Wagner, Jerry H. Summers, Chattanooga, TN, for Jim Gee (2), defendant.

Donald J. Berger, Berger James Gammage and Wilber, South Bend, IN, for Nancy Paige Davis (3), defendant.

Pamela B. Stuart, Washington, DC, for Decker Anstom (8), movant.

Ruth M. Hennage, Assistant U.S. Atty, United States Attorney's Office, South Bend, IN, for U.S.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Two motions are ripe for ruling: Jim Gee's motion to suppress testimony and his motion to produce original rough field notes of law enforcement officers. For the reasons that follow, the court denies both of those motions. A third motion was filed recently, and the court grants William Norris's motion for access to juror questionnaires.

### A. Motion to Suppress

Mr. Gee asks the court to suppress the testimony of all informants, co-defendants, co-conspirators—indicted and unindicted— and witnesses that the government intends to call at trial. He argues that the government obtained all such testimony in violation of Rule 3.4 of the Indiana Rules of Professional Conduct and 18 U.S.C. § 201(c)(2). Indiana Rule of Professional Conduct 3.4(b) provides in relevant part that "A lawyer shall not: ... offer an inducement to a witness that is prohibited by law." 18 U.S.C. § 201(c)(2) provides: "Whoever ... directly or indirectly gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before

any court, ... shall be fined under this title or imprisoned for not more than two years, or both."

The government concedes that several of the witnesses it intends to call at trial including Nancy Paige Davis McEndarfer, Stephanie Mora and Bryan Corrigan have received promises in exchange for their testimony pursuant to formal plea agreements and that other witnesses have received similar promises on an informal basis. Mr. Gee contends that these promises are things of value within the purview of § 201(c)(2). Controlling Seventh Circuit precedent does not support this conclusion.

■ The case upon which Mr. Gee relies exclusively, *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), *vacated and rehearing en banc granted,* is of no value as precedent, first because that opinion has been vacated, and second because it is a decision of the Tenth Circuit, not the Seventh. Moreover, the court does not find *Singleton*'s reasoning—which has been thoroughly dissected and disagreed with by at least one reported district court decision, *United States v. Arana,* 18 F.Supp.2d 715 (E.D. Mich., 1998)—persuasive. Finally, even had *Singleton* not been vacated and the court agreed with its reasoning and conclusion, it would be difficult to arrive at the conclusion urged by Mr. Gee in light of conflicting Seventh Circuit authority. *United States v. Barrett,* 505 F.2d 1091 (7th Cir.1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975), indicates that the Seventh Circuit would not agree with the position taken by the Tenth Circuit in *Singleton.*

In *Barrett,* the defendant argued that the court should have suppressed witness testimony obtained by the government's promise of civil tax immunity pursuant to a plea bargain. The defendant argued that this arrangement violated 18 U.S.C. § 201(h)[1], the predecessor statute to

---

1. "Whoever, directly or indirectly, gives, offers, or promises anything of value to any
person, for or because of the testimony under oath ... given or to be given by such person

§ 201(c). The court held that the government's grant of immunity to a prospective witness could not violate § 201(h) in this context because the Justice Department is specifically empowered by statute to grant both civil and criminal immunity in tax cases. 505 F.2d at 1102. Although the *Barrett* holding was premised expressly upon a specific statute, the import of its reasoning applies equally here and points to (if it does not compel) a result contrary to that urged by Mr. Gee: "If the government can excuse criminal or civil liability in settling a criminal case, surely it can use that power or compromise to obtain guilty pleas or to procure testimony in other proceedings. Both are legitimate objectives of plea bargaining." *United States v. Barrett*, 505 F.2d at 1102.

Setting aside whether § 201(c) prohibits the government from inducing witness testimony by making promises, *Barrett* also is instructive as to whether suppression would be the appropriate remedy for a governmental violation of § 201(c): "[t]he decision in *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), requiring the government to disclose a promise of leniency made to a key witness in return for his testimony, implies that suppression is not an appropriate remedy. See *United States v. Isaacs*, 347 F.Supp. 763, 767 (N.D.Ill.1972), where the court added: 'We would expect the Court in Giglio not to have ordered a new trial, or alternatively to have ordered suppression of Taliento's testimony in a second trial, if the Government's reward of leniency warranted suppression.' " *United States v. Barrett*, 505 F.2d at 1101 n. 9.

The government's promises made to these prospective witnesses do not violate

§ 201(c). In light of this ruling—that there was no unlawful inducement—there cannot be a violation of Rule 3.4 of the Indiana Rules of Professional conduct, so here the court's analysis ends. Mr. Gee's motion to suppress is denied.

### B. Motion to Produce

Mr. Gee next asks the court to order the government to produce the original rough field notes of any law enforcement officer or government agent involved in this prosecution after such witness has testified on direct examination or at any other time prior thereto agreed upon by the parties. In support, Mr. Gee cites *United States v. Niederberger*, 580 F.2d 63 (3rd Cir.1978), *United States v. Robinson*, 546 F.2d 309 (9th Cir.1976) and *United States v. Harrison*, 524 F.2d 421 (C.A.D.C.1975). None of the cases cited mandate the requested production.

Mr. Gee does not explain whether he seeks witness interview summary notes or notes about the agents' own impressions and conclusions. As far as the former is concerned, "[t]he Jencks Act only requires notes taken by Government agents to be produced if they are a substantially verbatim transcript of a statement of a witness or if the notes have been signed or otherwise adopted or approved by a witness if the witness has not read the notes and the person taking the notes did not read them back to him." *United States v. Harris*, 542 F.2d 1283, 1292 (7th Cir.), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977) (*citing Goldberg v. United States*, 425 U.S. 94, 110–11 n. 19, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976)).[2] Mr. Gee sets forth no argument

---

as a witness upon a trial, hearing, or other proceeding ... shall be fined not more than $10,000 or imprisoned for not more than two years, or both." 18 U.S.C. § 201(h).

2. The Jencks Act provides in pertinent part:
   (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any

statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

why production or inspection of the field notes is mandated or provide any information that would enable the court to assess whether production of the notes is appropriate. Accordingly, the motion is denied as far as it requests notes regarding witness statements with leave to renew it with greater specificity. *See United States v. Lopez,* 6 F.3d 1281, 1288–89 (7th Cir.1993) ("Upon reasonable argument from counsel, a presumption arises that the district court should conduct an in camera inspection of documents to determine whether the documents are producible under the Jencks Act."). To the extent the motion concerns notes related to the agents' own impressions and conclusion, the motion is denied; the court presumes that the government is aware of its constitutional obligations to disclose exculpatory and impeachment material.

### C. Jury Questionnaires

■ Mr. Norris seeks the opportunity to review the questionnaires completed and returned by venire members. He may do so (as may, in the interest of fairness, the other attorneys in the case). The questionnaires are maintained at the clerk's office in Lafayette.

### D. Conclusion

For the foregoing reasons, Mr. Gee's motion to suppress testimony (filed July 24, 1998 (docket # 201)) and his motion to produce (filed July 24, 1998 (docket # 200)) are DENIED. The court GRANTS Mr.

> (c) If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera.
>
> \* \* \* \* \* \*
>
> (e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

Norris's motion for access to jury questionnaires (filed August 12, 1998).

SO ORDERED.

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.
>
> 18 U.S.C. § 3500.